MISSOURI, K. & T. RY. CO. OF TEXAS v. LUSTER.

(Court of Civil Appeals of Texas. Dallas. Dec. 13, 1913. Rehearing Denied Jan. 3, 1914.)

1. CARRIERS (§ 356*) — CARRIAGE OF PASSENGERS—TICKETS.

Where a conductor inadvertently detached a coupon from the contract portion of a ticket, but returned the contract portion so that the two might be presented together on the return trip, the act of the conductor will not excuse the failure of the passenger to present the contract portion with the coupon, which declared that it should be void if detached; and, in the absence of the contract portion, the passenger was properly ejected.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1409, 1410, 1423–1432; Dec. Dig. § 356.*]

2. CARRIERS (§ 254*)—CARRIAGE OF PASSENGERS—TICKETS—REGULATION.

A railroad company in selling a round-trip ticket is entitled to make it a condition of passage that the trip coupons be not detached from the contract portion of the ticket.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1020–1026; Dec. Dig. § 254.*]

3. PRINCIPAL AND AGENT (§ 14*)—LIABILITY OF PRINCIPAL FOR ACTS OF AGENT.

Plaintiff was a member of the National Guard, and his captain on the trip to the encampment presented plaintiff's ticket, with those of the remainder of his troop, for cancellation, but on plaintiff's return alone neglected to give him the contract portion of the ticket, which the carrier's conductor had inadvertently detached from the coupon, but which he had returned to the captain. Held, that the captain's negligence was imputable to plaintiff, and plaintiff cannot complain that the carrier's servants refused to honor the coupon on his return trip.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 26–33; Dec. Dig. § 14.*]

Appeal from District Court, Dallas County; Kenneth Force, Judge.

Action by W. G. Luster against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Alex. S. Coke and Lawther & Pope, all of Dallas, for appellant. Allen & Allen, of Dallas, for appellee.

RAINEY, C. J. We take the following statement from appellant's brief, to wit: "This was a suit for damages for alleged wrongful ejection of appellee from appellant's train at Temple, Tex., on the 15th of August, 1911. Appellee alleged in his petition that he became a passenger on the appellant's train at Taylor, Tex., for the purpose of being carried from Taylor to Dallas, Tex., having already provided himself with a ticket entitling him to such passage, and that after said train had left said town of Taylor but a short distance appellee presented to the auditor of the appellant in charge of said train his said ticket; that said auditor then and there refused to accept the said ticket, and wrongfully ejected him from said train at an intermediate station, to wit, the town of Temple, Tex. Appellant answered with: (1) General demurrer; (2) general denial; (3) by special plea denying that appellee, when he boarded appellant's said train, had a ticket entitling him to passage on said train from Taylor to Dallas, setting out that what was designated by appellee as a ticket was in fact but a part of a ticket or a coupon, which would have entitled him to passage on appellant's train from Taylor to Dallas had it been attached to what is known as the contract portion of the ticket, the said coupon and contract portion, together with other coupons, forming the entire contract between appellee and appellant; that said coupons expressly provided and stipulated on their face that they were 'worthless if detached'; and that in

addition to said express stipulation on the face of said coupon appellee had been actually notified, before he boarded appellant's train at Taylor, that the coupon which he had in his possession would not entitle him to passage on appellant's train from Taylor to Dallas. Appellee, in answer to appellant's answer, by supplemental petition pleaded that the contract for his transportation had been made by one F. A. Logan, who was the Captain of Battery A, First Field Artillery, Texas National Guards, of which appellee was a member, for and in behalf of all the members of said company, and that said Logan furnished him with no other ticket but two coupons, one calling for transportation from Camp Mabry to Taylor, Tex., and the other calling for transportation from Taylor to Dallas, Tex., and that appellee, before entering the cars at Austin, Tex., had presented said coupons to the ticket agent of the International & Great Northern Railway at Austin, who had informed him that the same were in due form; and before entering appellant's train at Taylor, Tex., had also presented said coupon calling for transportation from Taylor to Dallas to the agent of the appellant at Taylor, which said agent had informed him that said coupon was in due form, and entitled him to transportation on the train from Taylor to Dallas, whereby the said appellant had waived the stipulation that the coupons were void if detached from the contract portion of the ticket. And further in his supplemental petition alleged that he had never detached said coupon from the contract portion, but charged that he was informed and believed that appellant's conductor on the train from Dallas to Austin had detached said coupons from the contract portion of the ticket." The trial resulted in a verdict for the appellee for $500.

The evidence disclosed that appellee was a member of Battery A, First Field Artillery of the Texas National Guards, and on the 5th day of August, 1911, with the other members of the company, had been transported from Dallas to Camp Mabry, near Austin, Tex., by appellant's road, for the purpose of attending and participating in an encampment of the state militia, that the arrangement for the transportation from Dallas to Camp Mabry and return from Camp Mabry to Dallas for the entire troop had been made with appellant by one F. A. Logan, who was the captain of the battery, and that said Logan on the way down was in possession · of the tickets for the entire battery, and delivered the same to the conductor of the appellant's train; said conductor having no dealing with any member of the troop except the said Captain F. A. Logan.

Logan testified that on the way down the conductor in charge of appellant's train not only tore off and took up the coupons or portion of the ticket entitling the troop to transportation from Dallas to Taylor (which coupon was at the bottom of the ticket), but that said conductor also tore off the contract portion of the tickets, the same being at the top and the head of the ticket, and afterwards handed back said contract portion to him, stating that he might need the same in connection with the baggage of the troop upon arrival at Taylor (from which point the troop marched overland to Camp Mabry). This testimony of Logan was corroborated by one A. P. Terrell, second lieutenant and quartermaster of the troop.

The conductor of appellant's train on the way down from Dallas to Taylor, one M. R. Baker, testified that he took up the transportation, which consisted of one party ticket for 68 or 69 people and some individual tickets, but that he took them all from one man; that he detached from said tickets the coupons calling for transportation from Dallas to Taylor at the lower end of the ticket, but that he did not detach the upper part or the contract portion of the ticket. Appellee became sick at Camp Mabry, and started back for Dallas some two days before the balance of the troop; Logan, the captain of the battery, to enable him to return, gave him two coupons of one of the individual tickets detached from the contract portion of the ticket, one of which read for transportation on the International & Great Northern from Camp Mabry to Taylor, and the other over appellant's road from Taylor to Dallas. Although Logan had the contract portion or the head and the top of this ticket, he did not give same to appellee. The conductor of the International & Great Northern train from Camp Mabry to Taylor, upon appellee's presenting to him the coupon calling for transportation from Camp Mabry to Taylor, informed him that the same was invalid, being detached from the contract portion of the ticket, and that he accepted the same under protest. Said conductor also informed him that the coupon calling for passage over appellant's road · from Taylor to Dallas was worthless because detached, and that probably he would get no farther than Taylor. Appellee boarded appellant's train at Taylor, and when the auditor came around, presented to him the coupon reading from Taylor to Dallas, stating as he did so that the conductor on the International & Great Northern had tried to refuse the ticket and put him off. Upon looking at the coupon the auditor informed him that it was no good, and that he could not honor it, and asked him where the contract portion was. Appellee replied that his captain had torn it off, and he supposed kept it. The auditor then told him that if he had no money to pay his fare he would have to leave the train at the first stop, which was Temple. Appellee informed the auditor that it would not be necessary for him to put

him off, that if he said he had to leave the train he would get off, and did so at Temple. The contract of transportation embraced printed conditions and stipulations at the top, succeeded by coupon specifying the initial and terminal points on the different roads and the final destination and "good for one person, on condition named in contract. Worthless if detached."

"The only issue submitted by the court to the jury was as to whether the contract portion of the ticket had been torn off by the conductor on appellant's train from Dallas to Taylor, or by Logan, the captain of the battery; and the jury were instructed that if they found the conductor tore the same off, to find for the plaintiff—if they failed to find the conductor tore it off, or if they found that Logan tore it off, they should find for the defendant."

[1] The evidence shows, as we think, that the conductor on appellant's train from Dallas to Taylor had detached the coupon from the contract portion of the ticket, and, it showing by uncontradicted evidence that, if it was detached, the detached portion had been returned to Captain Logan by said conductor, the issue submitted by the court as to the conductor detaching the coupon was error. While it was wrong in the conductor to detach the coupon, his having returned the contract portion to Captain Logan, the proper custodian, the mistake was remedied; and, had the two parts of the ticket been presented to the last conductor for passage, they should have been honored. This was not done, but the detached coupon was alone presented, which showed upon its face that it was "worthless if detached," which rendered it invalid for passage, and the conductor had the right to eject the appellee in the absence of payment or tender of the proper fare. Hutchinson on Carriers, vol. 2 (3d Ed.) § 1055.

[2, 3] Appellee contributed to his own discomfort by not securing from Captain Logan both parts of the contract, and, having placed himself in that predicament, he has no one to blame but himself. The appellant in selling the ticket had the right to make such a stipulation, and no fault lies with appellant on account of its conductor on the going trip severing the ticket, for he immediately returned the portion to Captain Logan, which, as far as appellant was concerned, made it possible for both portions of the ticket to be presented on the return trip. That Captain Logan held the contract portion of the ticket, and that appellee was ignorant of its being in existence, we think makes no difference. As far as the transportation was concerned, Captain Logan was his agent, and he must suffer for Captain Logan's act in failing to give him all of the return ticket.

We appreciate the force of the position of counsel for appellee, but think the authorities cited by them are not applicable to this case. In each of those cases there was an effort made by the ticket holder to comply with the stipulations imposed by the ticket, but they were prevented from doing so by the fault of the railroad's employés. In this case no employé of appellant did anything to prevent appellee from complying with the contract of carriage.

The judgment is reversed and cause remanded.